UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | | |
|---|---|---|
| SUSAN SOKOLOWSKI, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV424-170 |
| | ) | |
| THE FRESH MARKET, INC., | ) | |
| CASSANDRE RUBLOWITZ, | ) | |
| AND JOHN DOE, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Before the Court is the parties' Rule 26(f) Report.  Docs. 12 & 14.  The District Judge requires that parties structure discovery in four sequential stages.  Doc. 14 at 6.  This sequence is clearly articulated in Section IV of the required Rule 26(f) Report form, as is the instruction:

> **Unless the parties show good cause to proceed otherwise, the parties <u>must</u> propose discovery deadlines that follow this sequential course.  In other words, absent a specific showing of good cause, the parties should not propose one deadline to accomplish all discovery measures.  Rather, the parties must propose sequential deadlines by which they shall successively accomplish each of the above four areas of discovery.**

*Id.*  In the section of the form provided for the parties to state the cause

1

for any deviation from the required sequence, the parties answered, "N/A." *Id.*

Despite the clear instructions from the Court, the discovery schedule proposed does not conform to the required sequence, and the parties have failed to show good cause for their deviation. Specifically, the deadlines for deposing non-expert witnesses and providing expert witness disclosures both arrive before the deadline for the conclusion of fact-based written discovery, inspections, and examinations. *See* doc. 14 at 7-9. Further, the deadline for deposing expert witnesses is identical to the deadline for the conclusion of fact-based written discovery, inspections, and examinations. *Id.* at 9. To be clear, it is the Court's expectation that the parties will set sequential deadlines which will allow them to 1) *first* complete all fact-based written discovery, inspections and examinations; 2) *then* to conduct the depositions of non-expert witnesses; 3) *then* to provide expert disclosures; and 4) *then* to conduct expert witness depositions. Each stage of discovery should be completed before proceeding to the next. To the extent the parties wish to deviate from this sequence, they must show good cause in their renewed Rule 26(f) Report.

Additionally, the parties' original Rule 26(f) Report included the signature of an attorney, Amanda Pittman, who is not admitted to practice in this Court. Doc. 12. A notice of filing deficiency was issued on August 29, 2024, and the parties filed an amended Rule 26(f) Report later that day. Docs. 13 & 14. While Ms. Pittman's signature was removed from the amended Rule 26(f) Report, the defects related to discovery scheduling remain. *See generally* doc. 14.

The parties are, therefore, **DIRECTED** to file a revised Rule 26(f) Report, addressing these scheduling deficiencies, no later than September 13, 2024. The parties' pending Rule 26(f) Reports are **TERMINATED**. Docs. 12 & 14.

**SO ORDERED**, this 30th day of August, 2024.

_____
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA